THE CITY OF KANSAS, *Appellant*, v. THE KANSAS CITY MEDICAL COLLEGE.

Division Two, July 1, 1892.

Constitution: STATUTE: EXEMPTION FROM TAXATION.   The exemption from taxation of a lot "with the buildings thereon" when used for schools (Constitution, art. 10, sec. 6; Revised Statutes, 1889, sec. 7504) does not include office furniture nor the furniture of a chemical laboratory not fastened to the building.

*Appeal from . Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

REVERSED.

*Allbritain & Gilmer* for appellant.

(1) The only property that may be exempt from taxation in the hands of a school is a "lot in an incorporated city or town or within one mile of the limits of such city or town, to the extent of one acre, or a lot one mile or more from the limits of such city or town, to the extent of five acres, with the buildings thereon." Constitution, art. 10, sec. 6. (2) Property owned by a school, if exempted at all from taxation, must be exempted by general law. Constitution, art. 10, sec. 6. (3) Section 7504 of the Revised Statutes of Missouri, passed pursuant to article 10, section 6, constitution of Missouri, follows the language of said section 6, and, therefore, does not include in its provisions the property described in the agreed statement of facts in this case. Revised Statutes, 1889, sec. 7504. (4) The property described in the agreed statement of facts as owned by defendant is personal property, in no way attached to the building. It is not included in the enumeration "a lot, with the buildings thereon," and this court has said: "It must be kept in mind that exemption from taxation will not be recognized unless granted in terms too plain to be mistaken." *Wine v. Railroad*, 99 Mo. 30; *St. Louis v. Ins. & Trust Co.*, 47 Mo. 150; *Railroad v. Guffey*, 120 U. S. 569, and cases there cited. (5) Both constitutions and statutes exempting property from taxation are in derogation of common right, and should be strictly construed, and exemptions are not to be extended by judicial construction to embrace other property than that which is plainly expressed in the law. 1 Desty on Taxation, pp. 108, 132; *People v. Society*, 87 Ill. 246. (6) Where land is exempt from taxation the buildings on said land may be taxed if the interest in said building is

distinct from the interest in said land. *Hart v. Cornwall*, 14 Conn. 228.

*Karnes, Holmes & Krauthoff* for respondent.

The property in question is not subject to taxation. *Medical College v. Rush*, 22 Neb. 449; *Wyman v. St. Louis*, 17 Mo. 335; *Gerke v. Purcell*, 25 Ohio St. 229; *Hospital v. Somerville*, 101 Mass. 320; *Appeal Tax Court v. County*, 50 Md. 432; *Hennepin v. Brothers*, etc., 27 Minn. 463; 27 Minn. 503.

GANTT, P. J.—This is a suit for personal taxes alleged to be owing by respondent, the "Kansas City Medical College."

The petition states that plaintiff is a municipal corporation, duly organized under the laws of Missouri; that defendant is a corporation duly organized under the laws of Missouri; that defendant was the owner of certain personal property, situated in said Kansas City, on the first day of January, 1886; that plaintiff, through its duly constituted officer, assessed said property, and by ordinance of her city council duly levied a tax of $7 on said property; that from and after September 1, 1886, said tax bears interest at the rate of twenty-four per cent. per annum, and that the city counselor is entitled to a counselor's fee of twenty-four per cent. per annum on said tax and interest for collecting the same; that all of said sums are due and unpaid; wherefore plaintiff prays judgment for said tax, interest and fees, and the costs of this suit.

The answer was a general denial. The trial was by the court, sitting as a jury.

The case was submitted on the following agreed statement of facts, to-wit:

"The defendant is a corporation duly incorporated under article 10, chapter 21, of the Revised Statutes of this state, for the purposes and in the manner set out in its articles of association, herewith filed and made a part of this agreed statement. Subsequent to its incorporation it acquired a lot of ground on Washington street, in Kansas City, and erected a college building thereon for the purpose of carrying on its medical school therein; for this same purpose the defendant also acquired certain furniture, fixtures and appliances, which were placed in and about said building and used in and for said school, being proper and necessary for said school and the enjoyment and management of said college property. It is the last-named property which the city assessor of Kansas City assessed, the defendant having refused to list it, claiming it as exempt, and on this property the taxes sued for were formally levied and payment thereof refused by defendant. All of said property was duly and solely used for the purposes of said college. In conducting said college anyone is admitted as a student who is of proper age, educational qualifications and moral character. A matriculation fee of $5 is charged as an entrance fee. The lecture fees are $35 per term. While the term lasts the property is used for school or college purposes. None of it is rented at any time, nor is any of it used for any private purpose whatever. The professors severally furnish their time gratuitously. None of them are paid compensation or salary. The instruction consists, in a general way, of teaching medicine and surgery in all their branches. The fees, which constitute the sole income of the college, are used for paying the expenses of the college. No professor or member of the society receives any part of the income, nor does either of them keep his office in the building. The facts as to said college and its income have been true continuously,

from its establishment in 1881 to the present date. No return of any part of said property for taxation has ever been made by defendant, nor was it ever assessed prior to the levy of the taxes sued for herein. Among the property in possession of and belonging to said defendant, and constituting in part the property assessed, were an office desk, a number of chairs and other office furniture not fastened to floor or wall, also retorts and such other furniture as is commonly used in a chemical laboratory, which said property is not fastened to the floor or wall in which the same is used. It is further agreed that if said property or any part thereof was subject to taxation, the finding shall be for plaintiff for the amount sued for, interest and costs."

No other evidence was offered. No instructions were asked or refused. The circuit court found for defendant. The city appealed to this court.

## OPINION.

As will be readily seen, the only question arising upon this record is whether the furniture and appliances used by the defendant in its medical college are subject to taxation. The question is restricted to the personal property of the defendant so used.

It is conceded that the lot and buildings used for the college are exempt by the general law of the state, but the contention of the city is that the constitution and statute alike limit the exemption to *"the lot with the buildings thereon,"* and does not extend to the personal property. Whereas, the defendant claims that the exemption extends to, and was intended to extend to, *"whatever property is proper and necessary for said school and to the enjoyment and management of said college."*

By section 6 of article 10 of the constitution, the

legislature is authorized to pass a general law exempting from taxation "lots in incorporated cities or towns * * * to the extent of one acre, and lots one mile or more distant from such cities or towns to the extent of five acres, *with the buildings thereon* * * * when the same are used * * * for schools." The legislature, in pursuance of this grant, by section 7504, Revised Statutes, 1889, has made the exemption just as broad as the constitution has empowered it to do.

Section 7 of article 10 of the constitution provides that "all laws exempting property from taxation other than the property enumerated in section 6 of the same article shall be void." So that it only remains for us to determine whether the words, "the lot with the buildings thereon," can be construed to include the personal property used in the building and not a part of the realty in law. We are very clear that they do not.

The evident purpose was to exempt a certain amount of real estate. This is obvious from the immediate context. In the next succeeding clause the exemption of agricultural and horticultural property is extended to both real and *personal* property. Neither the language of the exemption, nor the provisions *in pari materia* will, in our opinion, admit of any other construction than that we have given it. The purpose is clear to limit the exemption to real estate and to a definite amount.

The language of the constitution and the statute excludes any other conclusion. *Omaha Medical College v. Rush*, 22 Neb. 449, does not conflict with this view. There the exemption was of the property used for school. The word property there was broad enough to include real and personal, or either. It was not limited as ours is. It is not our province to add to these constitutional exemptions, however deserving they may

be, or however loth we may be to reach this conclusion. Under the agreed statement of facts, the plaintiff was entitled to recover.

As it is apparent from the facts agreed on that no good purpose would be subserved by a reversal for new trial, we direct that the judgment of the circuit court be reversed and the cause remanded to that court with directions to enter judgment for plaintiff as prayed, and for its costs. All concur.